D. Michael Eakin
Eakin, Berry & Grygiel, PLLC
208 N. 29th St, Suite 204
P.O. Box 2218
Billings, Montana 59103
Phone: (406) 969-6001 Fax:
(406) 969-6007
eakin.406law@gmail.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TAMMY WILHITE,<br>    Plaintiff,<br><br>vs.<br><br>PAUL LITTLELIGHT,<br>LANA THREE IRONS,<br>HENRY PRETTY ON TOP,<br>SHANNON BRADLEY, and<br>CARLA CATOLSTER,<br>    Defendants. | Case No.<br><br>COMPLAINT WITH<br>JURY DEMAND |

TYPE OF ACTION

1. This is a civil RICO action brought pursuant to 18 U.S.C. § 1964. The predicate acts forming the basis for this RICO claim are violations of federal law relating to retaliation against witnesses in violation of 18 U.S.C. § 1513.

1

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, federal question jurisdiction, and a specific grant of federal jurisdiction in 18 U.S.C. § 1964(c).

## PARTIES

3. Plaintiff was, at the time of all relevant acts alleged in the Complaint, a citizen of Montana residing in Big Horn or Rosebud County, Montana.

4. Defendant Paul Littlelight is a natural person residing in Big Horn County, Montana. Little Light is a member of the Board of Directors for the Awe Kualaache Care Center. This action is brought against Defendant Little Light in his individual capacity.

5. Defendant Lana Three Irons is a natural person residing in Big Horn County, Montana. Three Irons is a member of the Board of Directors for the Awe Kualaache Care Center. This action is brought against Defendant Three Irons in her individual capacity.

6. Defendant Henry Pretty on Top is a natural person residing in Big Horn County, Montana. Pretty on Top is a member of the Board of Directors for the Care Center. This action is brought against Defendant Pretty on Top in his individual capacity.

7. Defendant Shannon Bradley is a natural person residing in Big Horn County, Montana. Bradley is a member of the Board of Directors for the Awe Kualaache Care Center. This action is brought against Defendant Bradley in her individual capacity.

8. Defendant Carla Catolster is a natural person residing in Big Horn County, Montana. Catolster is the administrator and managing employee of the Care Center. This action is brought against Defendant Catolster in her individual capacity.

## FACTS

9. Plaintiff, Tammy Wilhite, was employed as a registered nurse at the Awe Care Center in Crow Agency, Montana. She earned $40.00 per hour and was provided fringe benefits that included health insurance, student loan repayment and an apartment.

10. A patient at the Care Center, J.T.E., reported to Wilhite he had been molested while being transported. The person molesting the patient was an aunt to Defendant Catolster. The patient also disclosed the incident to persons working in occupational therapy at the Care Center.

11. Wilhite reported the incident to her immediate superior, Defendant Carla Catolster. Wilhite is informed and believes that the actions of a person transporting J.T.E. could be a federal felony offense under 18 U.S.C. § 2242.

12. Wilhite believes that other mandatory reporters also reported the incident to Catolster in her capacity as administrator of the Care Center. Catolster, acting in an individual capacity to protect her aunt, told other staff not to tell anyone of the incident. Catolster did so in an attempt to prevent or delay staff at the Care Center from reporting a potential federal offense to a law enforcement officer.

13. An employee of the Care Center threatened J.T.E. with eviction from the Care Center if he made further reports of the incident. The threat of eviction from the Care Center was to prevent or delay reports of a potential federal offense to law enforcement officers.

14. When it appeared that no action was being taken on the report of molestation, Wilhite reported the incident to law enforcement, namely the Montana Department of Public Health and Human Services, the state agency responsible for investigating nursing home abuse for the Centers for Medicare and Medicaid Services. The Montana Department of Public Health and Human Services sent investigators to the Care Center in March 2018.

15. The Centers for Medicare and Medicaid Services made a report substantiating the allegations of patient abuse. That report, or the results of the investigation, were made available to Defendant Catolster on March 21, 2018.

16. J.T.E. died on March 21, 2018.

17. After being told of the results of the CMS investigation, Defendant Catolster informed the landlord at Wilhite's apartment that she was no longer employed by the Care Center. Defendant Catolster directed the landlord to lock the Plaintiff out of her apartment. The landlord did so.

18. The landlord allowed Wilhite access to the apartment to retrieve her personal belongings and her car. Defendant Catolster subsequently berated the landlord for allowing Plaintiff to retrieve her personal belongings.

19. Plaintiff was not informed that her employment was terminated on March 21, 2018. She continued to work at the Care Center.

20. Wilhite was summoned to a meeting of the Board of Directors of the Care Center on March 29, 2018. Plaintiff was informed that the reason for the meeting was to hear her grievance over being locked out of her apartment. The Board members present at the meeting were Defendants Paul Littlelight, Henry Pretty on Top, Lana Three Irons, and Shannon Bradley. Prior to the meeting, the Defendants conspired to terminate Plaintiff's employment when she appeared for the meeting.

21. At the meeting, Plaintiff's employment was terminated.

22. The stated reason for the termination from employment was that Wilhite had a gun in her car. Defendants found no gun in her car.

23. Assuming arguendo that the Plaintiff had a gun in her car, the Care Center does not have a policy forbidding employees from having weapons in their cars.

24. The stated reason for discharge is pretextual. The true reason for the discharge was Plaintiff's report to law enforcement authorities concerning patient abuse.

25. Defendants Littlelight, Pretty on Top, Three Irons, Bradley, and Catolster conspired to retaliate against the Plaintiff by terminating her employment because of her reports to law enforcement.

26. As a result of the actions of the Defendants, Wilhite has lost her employment, including her health benefits, student loan repayment and housing.

27. Plaintiff's ability to find other comparable employment has been compromised because of the termination of her employment at the Care Center.

28. The Plaintiff has suffered emotional distress from the actions of the Defendants, including, but not limited to, nightmares about her employment and about physical confrontations with some employees. Plaintiff has also feared for her safety after the actions of the Defendants.

## CAUSES OF ACTION

For her causes of action, Plaintiff realleges paragraphs 1-29 and alleges further:

Count I - Civil RICO

29. A person violates 18 U.S.C. § 1513(e) if he or she knowingly, with the intent to retaliate, takes any action harmful to any other person, including interference with the lawful employment or livelihood of the other person, because the other person provided to a law enforcement officer any truthful information relating to the commission or possible commission of any Federal offense.

30. The actions of the Defendants, terminating the Plaintiff's employment and locking her out of her apartment because of her reports to a law enforcement officer, constitutes such an action harming the Plaintiff in her lawful employment and livelihood. The actions were taken with the intent to retaliate. The actions of the Defendants were taken in their individual capacities. Defendants could not take illegal actions in an official capacity.

31. The actions of the Defendants in telling staff members not to tell anyone about the abuse of J.T.E., threatening J.T.E. with eviction, locking Plaintiff out of her apartment, and terminating Plaintiff's employment constitute a pattern of racketeering activity.

32. Plaintiff can recover in a civil action three times the amount of damages suffered from the violation of 18 U.S.C. § 1513. *See*, 18 U.S.C. § 1964.

33. Plaintiff has suffered damages, including but not limited to, loss of employment, damage to her professional reputation, loss of housing, loss of health

insurance, and emotional distress. The dollar amount of these damages will be proven at trial.

34. Defendants should be held jointly and severally liable for all of the damages suffered by Plaintiff.

35. Plaintiff is also entitled to recover her reasonable attorney fees in this action. 18 U.S.C. § 1964.

## JURY DEMAND

35. Plaintiff requests a trial by jury.

WHEREFORE, Plaintiff prays as follows:

1. For judgment in her favor and jointly and severally against the Defendants and each of them;
2. For money damages in an amount to be determined at trial;
3. For Plaintiff's costs and attorney fees;
4. For such other relief as the court deems just and equitable.

Dated this 22nd day of February, 2019.

Eakin, Berry & Grygiel, PLLC


/s/ D. Michael Eakin
D. MICHAEL EAKIN