IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TAMMY WILHITE,<br><br>    Plaintiff,<br><br>vs.<br><br>PAUL LITTLELIGHT, LANA THREE IRONS, HENRY PRETTY ON TOP, SHANNON BRADLEY, and CARLA CATOLSTER,<br><br>    Defendants.<br>_____<br><br>TAMMY WILHITE,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES,<br><br>    Defendant. | CV 19-20-BLG-SPW-TJC<br>Consolidated with:<br> CV-19-102-BLG-SPW-TJC<br><br><br>**ORDER GRANTING MOTION TO CONSOLIDATE** |

Plaintiff Tammy Wilhite ("Wilhite") moves to consolidate this action with *Wilhite v. United States*, Case No. CV-19-102-SPW-TJC (D. Mont.).  (Doc. 18.)[1] Wilhite contends the two actions arise from the same facts and have interrelated legal issues.

_____

[1] Wilhite has also filed a Motion to Consolidate in *Wilhite v. United States*, Case No. CV-19-102-SPW-TJC, Docket No. 15 (D. Mont.).

## I.   LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) provides:

> **Consolidation**.  If actions before the court involve a common question of law or fact, the court may:
>
> (1)   join for hearing or trial any or all matters at issue in the actions;
> (2)   consolidate the actions; or
> (3)   issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

Consolidation of actions provides "a valuable and important tool of judicial administration ... [that] helps relieve[] the parties and the [c]ourt of the burden of duplicative pleadings and [c]ourt orders."  *Blasko v. Washington Metropolitan Area Transit Authority*, 243 F.R.D. 13, 15 (D. D.C. 2007) (citations omitted).  To determine whether consolidation is appropriate, a court should "weigh considerations of convenience and economy against considerations of confusion and prejudice."  *Id.* Generally, consolidation may be appropriate if there are common questions of law or fact.  "Moreover, consolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts."  *Id.*

## II.   DISCUSSION

Here, Case No. CV-19-20 and Case No. CV-19-102 involve similar parties.  In Case No. CV-19-102, Wilhite brought suit against the United States.  In CV-19-20 Wilhite brings suit against Paul Littlelight, Lana Three Irons, Henry Pretty on Top,

Shannon Bradley and Carla Catolster (the "Individual Defendants").  But the Individual

Defendants have taken the position that the United States should be substituted as a party

in their place pursuant to the Westfall Act, 28 U.S.C. § 2679(d).  (*See* Doc. 21 at 2-3.)

Further, both actions arise from the same underling facts.  Both cases involve

claims based on Wilhite's termination from the Awe Kualawaache Care Center ("Care

Center") where she worked as a registered nurse.  Although Wilhite asserts different legal

theories in the cases, the facts are identical in both cases, and there will be a substantial

overlap of witnesses and evidence.  Therefore, the Court finds consolidation will save

time and effort and will not result in inconvenience, delay, or expense to any party.

The Individual Defendants do not oppose consolidation (CV-19-20, Doc.21), but

the United States does (CV-19-102, Doc. 17).  The United States argues (1) Wilhite's

motion is premature because the United States filed a motion to dismiss, and (2)

consolidation could lead to delays because the legal theories are different in the cases,

and the cases will likely follow different procedural schedules.  The United States' first

objection to consolidation is moot, because the motion to dismiss has been resolved.  (*See*

CV-19-102, Docs. 19, 20.)  The Court is also not persuaded by the United States second

objection.  Although the legal theories in the cases differ, the underlying facts are

identical, and thus discovery will involve substantial overlap of witnesses and evidence.

Further, the cases are at similar procedural posture – no Scheduling Order has been

issued in either case.  The cases, therefore, are not proceeding on different schedules.

The Court finds it is not readily apparent that any party would suffer unfair prejudice were the Court to consolidate the actions, and therefore, the Court deems consolidation of Case No. CV-19-20 and Case No. CV-19-102 appropriate.

## III.   CONCLUSION

Based on the foregoing, **IT IS ORDERED** that Wilhite's Motion to Consolidate is **GRANTED**.  Case No. CV-19-20 is hereby consolidated with Case No. CV-19-102 for all purposes.  Case No. CV-19-20 shall be the lead case and all pleadings shall be docketed to this case until further notice of the Court.[2]

The Clerk shall file a copy of this Order in Case No. CV-19-102.

DATED this 9th day of November, 2020.

_____

TIMOTHY J. CAVAN
United States Magistrate Judge

---

[2] The Court notes that the parties in CV-19-20 consented to the exercise of jurisdiction by the undersigned. (CV-19-20, Doc. 9.)  However, the parties in CV-19-102 did not consent. (CV-19-102, Doc. 8.)  As such, the consolidated action shall remain assigned to the Honorable Susan P. Watters, and referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B).  The Clerk is directed to mail new consents to all parties in the consolidated actions.