IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TAMMY WILHITE,<br><br>        Plaintiff,<br><br>vs.<br><br>PAUL LITTLELIGHT, LANA THREE IRONS, HENRY PRETTY ON TOP, SHANNON BRADLEY, and CARLA CATOLSTER,<br><br>        Defendants.<br>_____<br><br>TAMMY WILHITE,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED STATES,<br><br>        Defendant. | CV 19-20-BLG-SPW-TJC<br>Consolidated with:<br>    CV-19-102-BLG-SPW-TJC<br><br>**ORDER DENYING<br>MOTION TO STAY** |

Plaintiff Tammy Wilhite ("Wilhite") brings this action against Defendants Paul Littlelight, Lana Three Irons, Henry Pretty on Top, Shannon Bradley and Carla Catolster ("Defendants") alleging a civil RICO claim following her termination from the Awe Kualawaache Care Center ("Care Center") where she worked as a registered nurse. (Doc. 1.)

1

Presently before the Court is Defendants' motion to stay this case pending resolution of their request for certification under the Westfall Act and Federal Tort Claims Act ("FTCA"). (Doc. 24.) Defendants contend that if certification is granted, they will be immune from suit, and therefore, this preliminary issue should be decided prior to requiring them to engage in substantial litigation.

## I.    LEGAL STANDARD

"A stay is not a matter of right.... It is instead 'an exercise of judicial discretion' ... [that] 'is dependent upon the circumstances of the particular case.'" *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal citations omitted) (quoting *Virginia Ry. Co. v. United States*, 272 U.S. 658, 671-73 (1926). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken*, 556 U.S. at 433-34. Traditionally, four factors are assessed in determining whether to stay proceedings: 1) whether the party seeking a stay has made a strong showing that it is likely to succeed on the merits; 2) whether the movant will be irreparably injured if a stay is not imposed; 3) whether a stay will substantially injure other parties interested in the proceedings; and 4) where the public interest lies. *Nken*, 556 U.S. at 434.

## II.   DISCUSSION

This case involves claims based on Wilhite's termination from the Care Center. The Care Center operates under what is known as a 638 contract, which is a contract

between the Tribe and the federal government that provides for tribal administration of programs previously operated by the Bureau of Indian Affairs. Defendants assert this case relates to actions Defendants took within the course and scope of their employment under the 638 contract, and therefore, they should be deemed to be federal employees for purposes of the FTCA. Defendants further argue the United States should be substituted as a party in this action pursuant to the Westfall Act, 28 U.S.C. § 2679(d).

      The United States has waived its sovereign immunity under the FTCA for injuries or loss "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. §§ 1346(b), 2672. The Westfall Act amended the FTCA, and provides that "[t]he remedy against the United States provided by sections 1346(b) and 2672 of this title . . . is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim . . . ." 28 U.S.C. 2679(b)(1). In short, "[t]he FTCA immunizes federal employees from individual liability for an 'action [that] is properly against the United States under the FTCA.'" *Beebe v. United States*, 721 F.3d 1079, 1084 (9th Cir. 2013) (quoting *Meridian Int'l Logistics, Inc. v. United States*, 929 F.2d 740, 743 n. 1 (9th Cir. 1991)). Moreover, the Westfall Act is "designed to immunize covered federal

employees not simply from liability, but from suit." *Osborn v. Haley*, 549 U.S. 225, 238 (2007).

The Westfall Act also outlines the procedure for invoking the immunity provided by the FTCA, and for substituting the United States as the proper party in the action. When a federal employee is sued for a wrongful or negligent act, the employee must deliver copies of the summons and complaint to a supervisor to be forwarded to the local United States Attorney, the Attorney General, and to the head of his employing federal agency. 28 U.S.C. § 2679(c); 28 C.F.R. § 50.15(a). The Attorney General then certifies whether the employee was acting within the scope of his or her employment at the time of the event giving rise to the claim. *Id.* Upon certification, the United States is substituted as a party and the employee dismissed from the action. 28 U.S.C. § 2679(d)(1). "The case then falls under the governance of the [FTCA]." *Gutierrez de Martinez v. Lamango*, 515 U.S. 417, 420 (1995). In the event the Attorney General denies certification, the employee may petition the court for certification. 28 U.S.C. § 2679(d)(3).

Here, Defendants requested certification from the Attorney General in August 2019. (Doc. 25-2.) To date, however, the United States has not issued a certification decision. Defendants, therefore, request the Court stay this action until the threshold issue of certification is resolved.

The Court declines to stay this action. The United States has had ample time to consider whether certification is appropriate. Rather, the Court finds it is appropriate to set a Status Conference to determine the status of the certification decision. At the conclusion of the Status Conference, the Court intends to schedule a Preliminary Pretrial Conference.

### III.  CONCLUSION

Based on the foregoing, **IT IS ORDERED** that Defendants' Motion to Stay (Doc. 25) is **DENIED**.

**IT IS FURTHER ORDERED** that a telephonic Status Conference shall be held on **November 24, 2020 at 11:00 a.m.** before Magistrate Judge Timothy J. Cavan. Counsel shall use the Court's conferencing system:

      a.    Dial 1-877-848-7030

      b.    Enter Access Code 5492555 #

DATED this 9th day of November, 2020.

                                                  TIMOTHY J. CAVAN
                                                  United States Magistrate Judge