Michael L. Rausch
Evan M.T. Thompson
BROWNING, KALECZYC, BERRY & HOVEN P.C.
Liberty Center, Suite 302
9 Third Street North
Great Falls, MT 59401
Phone: 406.4030041
Fax: 406.453.1634
E-mail:  mike@bkbh.com  / evan@bkbh.com

*Attorneys for Individual Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TAMMY WILHITE, | Case No. CV-19-20 102-BLG-SPW-TJC |
| Plaintiff, | |
| v. | **INDIVIDUAL DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A VALID RICO CLAIM** |
| PAUL LITTLELIGHT, LANA THREE IRONS, HENRY PRETTY ON TOP, SHANNON BRADLEY, and CARLA CATOLSTER | |
| Defendants. | |
| TAMMY WILHITE, | |
| Plaintiff, | |
| vs. | |
| UNITED STATES, | |
| Defendant. | |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii, iii, iv, v

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

   I.  Plaintiff's Complaint Fails to Sufficiently Plead Elements Necessary to
       Sustain Her Sole RICO Act Violation Claim . . . . . . . . . . . . . . . . . . . . . 7

      A. Plaintiff failed to allege that Individual Defendants were engaged in
          an "enterprise," which is fatal to her civil RICO claim . . . . . . . . . . . 9

      B. Plaintiff failed to allege that Individual Defendants engaged in a
          "pattern of racketeering activity" sufficient to state a RICO claim . .12

      C. Plaintiff has not plead the Individual Defendants agreed to conduct or
          participate in the affairs of an enterprise or to the commission of at
          least two predicate acts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

## TABLE OF AUTHORITIES

**Cases**                                                             **Page**

*Allwaste, Inc. v. Hecht,* 65 F.3d 1523, 1528 (9th Cir.1995) . . . . . . . . . . . . . . . . 17

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). 5, 6

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
    459 U.S. 519, 526 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Barticheck v. Fidelity Union Bank/First National State,*
    832 F.2d 36, 39 (CA3 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Baumer v. Pachl*, 8 F.3d 1341, 1346 (9th Cir. 1993) . . . . . . . . . . . . . . . 19, 20, 21

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) . . . . . . . . . . . . . . . . . . . . . 6

*Boyle v. United States*, 556 U.S. 938, 944–45, 129 S.
    Ct. 2237, 173 L. Ed. 2d 1265, (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Chaset v. Fleer/Skybox Int'l, LP,* 300 F.3d 1083, 1086–87 (9th Cir.2002) . . . . . . 7

*Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir.1994) . . . . . . . . 7

*Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.*,
    235 F. Supp. 3d 1132, 1177 (E.D. Cal. 2017) . . . . . . . . . . . . . . . . . . . . . . . 14

*Dworkin v. Hustler Magazine, Inc.,* 867 F.2d 1188, 1192 (9th Cir.1989) . . . . . . . 4

*Gunn v. Family Dollar Stores, Inc.*, No. 3:14-CV-1916-GPC-BGS, 2016 WL
    7030363, at *2 (S.D. Cal. Dec. 2, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Grimmett v. Brown,* 75 F.3d 506, 510 (9th Cir.1996) . . . . . . . . . . . . . . . . . . . . . 8

*Hebbe v. Piler*, 627 F.3d 338, 341–42 (9th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . 6

*H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239, 109 S. Ct. 2893,
    106 L. Ed. 2d 195 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15,17

*Howard v. Am. Online Inc.*, 208 F.3d 741, 746 (9th Cir. 2000) . . . . . . . . . . . .14, 17

*In re DBSI Inc.*, No. 08-12687 PJW, 2013 WL 1498365, at *2
      (Bankr. D. Idaho Apr. 11, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Lammey v. Starbucks Corp.*, No. 218CV9477RGKJCX, 2019 WL 4187377,
      at *1 (C.D. Cal. June 27, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Mays v. Wal-Mart Stores, Inc.*, 354 F. Supp. 3d 1136, 1146, ft nt 3
      (C.D. Cal. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104
      (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir.1988) . . . . . . . . . . 5

*Mir v. Greines, Martin, Stein & Richland*, 676 Fed.Appx. 699,
      701 (9th Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998). . . . . . . . . . . . . . . . 5

*Religious Tech. Ctr. v. Wollersheim,* 971 F.2d 364, 366–67 (9th Cir.1992) . . . . . 17

*Retail Prop. Trust v. United Brotherhood of Carpenters & Joiners of America*,
      768 F.3d 938, 945 (9th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Ryan v. Salisbury*, 382 F. Supp. 3d 1031, 1048 (D. Haw. 2019) . . . . . . . . . . . . . . 5

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.,*
      806 F.2d 1393 at 1402 (9th Cir.1986) . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Sigmond v. Brown,* 828 F.2d 8, 9 (9th Cir.1987) . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Sun Sav. & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 194, 56 USLW 2110, 8 Fed. R.
      Serv. 3d 808, RICO Bus. Disp. Guide 6710 (9th Cir. 1987) . . . . . . . . 16

*Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Bright,* 630 F.2d 804, 834 (5th Cir.1980) . . . . . . . . . . . . . . . . . . 21

*United States v. Brooklier,* 685 F.2d 1208, 1222(9th Cir.1982),*cert. denied,*
      459 U.S. 1206, 103 S.Ct. 1194, 75 L.Ed.2d 439 (1983) . . . . . . . . . . 21

*United States v. Cauble,* 706 F.2d 1322, 1341 n. 64 (5th Cir.1983) . . . . . . . . . . 20

*United States v. Gonzalez,* 921 F.2d 1530, 1539 (11th Cir.) . . . . . . . . . . . . . . . . 20

*United States v. Muskovsky,* 863 F.2d 1319, 1324 (7th Cir.1988), *cert. denied,*
      489 U.S. 1067, 109 S.Ct. 1345, 103 L.Ed.2d 813 (1989) . . . . . . . . . 20

*United States v. Turkette,* 452 U.S. 576, 580, 583, 101 S.Ct. 2524,
      69 L.Ed.2d 246 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 15

*United States v. Valera,* 845 F.2d 923, 929 (11th Cir.1988), *cert. denied,*
      490 U.S. 1046, 109 S.Ct. 1953, 104 L.Ed.2d 422 (1989) . . . . . . . . . . 21

*Walter v. Drayson*, 496 F. Supp. 2d 1162, 1171, (D. Haw. 2007),
      aff'd, 538 F.3d 1244 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . 7, 10, 11

*Wilhite v. Awe Kualawaache Care Ctr.*, No. CV 18-80-BLG-SPW,
      2018 WL 9561646 (D. Mont. Dec. 20, 2018) . . . . . . . . . . . . . . . . . . . . 1

## STATUTES, CODES, AND COURT RULES

18 U.S.C.A. § 1962 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

18 U.S.C. § 1513(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

18 U.S.C. § 1513(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

18 U.S.C. § 1961(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 22

18 U.S.C. § 1961(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

18 U.S.C. § 1961(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

18 U.S.C. §§ 1961-1968 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 1962(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

18 U.S.C. §§ 1962(c), 1964(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

18 U.S.C. § 2242 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 5, 6

Individual Defendants, Paul Littlelight, Lana Three Irons, Henry Pretty On Top, Shannon Bradley, and Carla Catolster (collectively hereinafter "Individual Defendants"), through counsel, having moved this Court for judgment on the pleadings and to dismiss Plaintiff's Complaint because Plaintiff failed to state a valid 18 U.S.C. §§ 1961-1968, Racketeer Influenced Corrupt Organizations Act ("RICO") claim.  As the following Brief demonstrates, Plaintiff's sole RICO claim should be dismissed because (1) Individual Defendants were not engaged in a criminal enterprise affecting interstate or foreign commerce, (2) there was no pattern of racketeering activity, and (3) Individual Defendants did not agree to participate in any alleged criminal activity.

## **INTRODUCTION**

Plaintiff's Complaint in this action presents a single claim for civil violation of RICO.   While it is clear Plaintiff has simply utilized a creative pleading device in an attempt to elude the prior dismissal of her sole civil RICO claim in *Wilhite v. Awe Kualawaache Care Ctr.*, No. CV 18-80-BLG-SPW, 2018 WL 9561646 (D. Mont. Dec. 20, 2018) ("Wilhite I"), her identical claim is not sustainable in this subsequent matter either.  Accordingly, the matter should be dismissed.

Plaintiff alleges she sustained damages as a result of Individual Defendants' alleged actions of terminating her employment and locking her out of her apartment in retaliation for Plaintiff reporting alleged abuse of a Care Center

patient.[1]  *See* Dkt. No. 1, ¶¶ 29-35; *compare* Ex. A, ¶¶ 30-36.  Plaintiff's claim, at
its base level, is a simple claim for wrongful termination.

It is important to remember that in the instant action, Plaintiff has named
Individual Defendants in an individual capacity for alleged actions or omissions
allegedly undertaken outside of the course and scope of their duties as employees
or officials of the Care Center.  *See* Dkt. No. 1, ¶¶ 4-8.  Plaintiff is not alleging that
the alleged RICO violations at issue were carried out in an official capacity for the
benefit of the Care Center.

Plaintiff alleges that Defendant Catolster, with the intent and purpose to
protect her aunt, told other Care Center staff members not to tell anyone of alleged
sexual conduct between her aunt and a Care Center resident.  *See* Dkt. No. 1, ¶¶
10-12.  Plaintiff alleges that Defendant Catolster did so in an attempt to prevent or
delay staff of the Care Center from reporting a potential federal offense to a law
enforcement officer.  *See* Dkt. No. 1, ¶ 12.  Plaintiff further alleges that Defendant
Catolster later instructed the landlord of an apartment rented by the Care Center to
exclude Plaintiff from the apartment.  *See* Dkt. No. 1, ¶ 17.  Importantly, Plaintiff
does not allege that the other named Individual Defendants participated in any of
the foregoing alleged actions of Defendant Catolster or that the actions were
undertaken as part of a group or enterprise.  *See* Dkt. No. 1.  Rather, Plaintiff

---

[1] Individual Defendants contest these allegations but they are acknowledged only
for purposes of Individual Defendants' 12(b)(6) motions.

2

alleges that these actions were undertaken individually by Defendant Catolster for the purpose of protecting her aunt.  *Id.*

Later, Plaintiff alleges that the collective group of Individual Defendants conspired to terminate Plaintiff from employment.  *See* Dkt. No. 1, ¶ 20.   Other than the conclusory allegation, Plaintiff alleges no other facts regarding an alleged conspiracy among Individual Defendants.  Notably, Plaintiff does not allege that the termination from employment was carried out with any individual purpose or intent of the Individual Defendants.  *See* Dkt. No. 1.   Other than the act of termination itself, Plaintiff does not allege that Individual Defendants acted as a group or enterprise in any other way in violation of RICO.  *Id.*

Moreover, Plaintiff does not allege that the actions of Individual Defendants in this matter were conducted with a common purpose to protect Defendant Catolster's aunt.   If anything, any alleged collective purpose of the Individual Defendants in this matter would have been a result of their official capacity as officials and employees of the Care Center.   Regardless, Plaintiff does not allege that Individual Defendants undertook the actions of (1) terminating her employment, (2) locking her out of her alleged apartment, or (3) telling staff members not to report the alleged abuse, were undertaken as part of a group effort by Individual Defendants to further alleged racketeering activities.

Even under the most liberal review of Plaintiff's Complaint, it is clear that Plaintiff has failed to state a valid civil RICO claim because Plaintiff has not alleged sufficient facts to establish (1) Individual Defendants were engaged in an enterprise, (2) a "pattern of racketeering activity" as contemplated by RICO, and/or (3) the Individual Defendants agreed to engage in any RICO violations or to be engaged in an enterprise.  As a result of Plaintiff's failure to state a valid RICO claim, Individual Defendants are entitled to judgment in their favor on the pleadings alone or to dismissal of the claim.

## STANDARD OF REVIEW

"The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing.  Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog." *In re DBSI Inc.*, No. 08-12687 PJW, 2013 WL 1498365, at *2 (Bankr. D. Idaho Apr. 11, 2013) (citing *Dworkin v. Hustler Magazine, Inc.,* 867 F.2d 1188, 1192 (9th Cir.1989)).  A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint where the plaintiff has failed to state a claim upon which relief may be granted.  *See Conservation Force v. Salazar*, 646 F.3d 1240, 2141 (9th Cir. 2011).

A motion for judgment on the pleadings is "properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment

as a matter of law." *Lammey v. Starbucks Corp.*, No. 218CV9477RGKJCX, 2019 WL 4187377, at *1 (C.D. Cal. June 27, 2019) (citing *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998)). Dismissal is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Lammey,* at *1 (citing *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). "When Rule 12(c) is used to raise the defense of failure to state a claim upon which relief can be granted, analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6)." *Ryan v. Salisbury*, 382 F. Supp. 3d 1031, 1048 (D. Haw. 2019) (citing *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir.1988)). The Court must therefore assess whether the complaint "<u>contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.</u>'" *Ryan,* 382 F. Supp. 3d at 1048 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)) (emphasis added).

A complaint may survive a 12(b)(6) or 12(c) motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." *Aschroft*, 556 U.S. at 678. A claim has "facial plausibility" when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff's complaint will not suffice, however, "if it

tenders naked assertions devoid of further factual enhancement." *Id.* (internal citations omitted).  The complaint must offer more than "labels and conclusions," and mere "formulaic recitation of the elements of a cause of action" will not do. *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to withstand a motion to dismiss." *Id.* (emphasis added).  Rule 12(b)(6) or 12(c) "require[] more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Like Rule 12(c), a dismissal for failure to state a claim under Rule 12(b)(6) is appropriate where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo*, 521 F.3d at 1104.  A plaintiff is required to present factual allegations sufficient to state a plausible claim for relief. *Mir v. Greines, Martin, Stein & Richland*, 676 Fed.Appx. 699, 701 (9th Cir. 2017) (citing *Hebbe v. Piler*, 627 F.3d 338, 341–42 (9th Cir. 2010)).

In reviewing a Rule 12(b)(6) or 12(c) motion, the court is to accept as true the facts plead in the complaint and draw all reasonable inferences in favor of the claimant.  *See Retail Prop. Trust v. United Brotherhood of Carpenters & Joiners of America*, 768 F.3d 938, 945 (9th Cir. 2014).  However, the court is not to accept "legal conclusions" as true.  *See Ashcroft*, 556 U.S. at 678.  Moreover, the court is not to assume the claimant "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways which have not been alleged."

6

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).   Additionally, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Walter v. Drayson*, 496 F. Supp. 2d 1162, 1171, (D. Haw. 2007), aff'd, 538 F.3d 1244 (9th Cir. 2008) (citing *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir.1994)).

## ARGUMENT

**I.     Plaintiff's Complaint Fails to Sufficiently Plead Elements Necessary to Sustain Her Sole RICO Act Violation Claim.**

Plaintiff's Complaint alleges a single cause of action against Individual Defendants for an alleged RICO violation.   However, the alleged facts are insufficient to support a claim for RICO violations.

RICO "makes it unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c).  To prevail on a civil RICO claim, a plaintiff "must therefore prove that Defendants engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) and, additionally, must establish that (5) the defendant caused injury to [the plaintiff's] business or property. *Walter, surpa*, 496 F. Supp. 2d at 1166 (citing *See Chaset v.*

*Fleer/Skybox Int'l, LP,* 300 F.3d 1083, 1086–87 (9th Cir.2002); *Grimmett v. Brown,* 75 F.3d 506, 510 (9th Cir.1996); *see also* 18 U.S.C. §§ 1962(c), 1964(c)).

Plaintiff's Complaint fails to sufficiently allege a cause of action under RICO for several reasons. First, Plaintiff does not allege Individual Defendants are part of an enterprise in their individual capacity as defined by the RICO Act. *See* Dkt. No. 1. Second, there is no allegation that Individual Defendants committed at least two predicate acts within the last ten years. *Id.* Finally, there are no allegations that Individual Defendants agreed to commit RICO violations or to be engaged in an enterprise. *Id.* For these reasons, the Plaintiff's Complaint fails to state a civil claim for RICO Act violations. As Plaintiff has asserted a single claim against Individual Defendants for a civil RICO violation, and because that claim fails as a matter of law, judgment must be entered in favor of Individual Defendants or the Complaint must be dismissed for failure to state a claim.

Plaintiff's civil RICO claim, arising from alleged inappropriate employee discipline, is simply an artfully plead wrongful termination claim intended to circumvent FTCA exclusivity and sovereign immunity. This is demonstrated by the prior dismissal in Wilhite I on the basis of sovereign immunity and the identical factual allegations of the FTCA complaint against the United States and the civil RICO complaint against Individual Defendants in this action. The only

substantive difference between the complaints in both Wilhite I and herein is the label Plaintiff assigns to her claims in each.

In this action, Plaintiff pled two identical factual bases for two claims; one of which, the civil RICO claim, is artificially assigned in an attempt to circumvent FTCA exclusivity.   However, the substance of the allegations against the Individual Defendants fits neatly into a wrongful termination claim and does not meet the prima facie requirements of pleading a civil RICO claim.   This is not a situation involving racketeering.   This is alleged retaliatory termination of employment, nothing more.   The RICO claim fails on the face of the Complaint. As such, the Court should either grant judgment in favor of Individual Defendants on Plaintiff's sole RICO claim or dismiss the Complaint.[2]

### A. Plaintiff failed to allege that Individual Defendants were engaged in an "enterprise," which is fatal to her civil RICO claim

Enterprise is defined to include "any individual, partnership, corporation, association, or other legal entity, and any union of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). "[A]n enterprise includes any union or group of individuals associated in fact" and … RICO reaches "a group of persons associated together <u>for a common purpose of engaging in a course of</u>

---

[2] Courts "have discretion to grant dismissal on a 12(c) motion, in lieu of judgment, on any given claim." *Mays v. Wal-Mart Stores, Inc.*, 354 F. Supp. 3d 1136, 1146, ft nt 3 (C.D. Cal. 2019) (citing *Gunn v. Family Dollar Stores, Inc.*, No. 3:14-CV-1916-GPC-BGS, 2016 WL 7030363, at *2 (S.D. Cal. Dec. 2, 2016))."

conduct." *Boyle v. United States*, 556 U.S. 938, 944–45, 129 S. Ct. 2237, 173 L. Ed. 2d 1265, (2009) (citing *United States v. Turkette,* 452 U.S. 576, 580, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981) (emphasis added).  Such an enterprise, we said, "is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *Id*.

"From the terms of RICO, it is apparent that an association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose. *Boyle*, 556 U.S. at 946 (emphasis added).  The concept of "associat[ion]" requires both interpersonal relationships and a common interest. *Id.* (emphasis added).  Section 1962(c) reinforces this conclusion and also shows that an "enterprise" must have some longevity, since the offense proscribed by that provision demands proof that the enterprise had "affairs" of sufficient duration to permit an associate to "participate" in those affairs through "a pattern of racketeering activity." *Id.* (citing 18 U.S.C.A. § 1962) (emphasis added).

As observed in *Walter, supra,* a complaint must allege that defendants operated or managed a RICO enterprise. *Walter,* 496 F. Supp. 2d 1162, 1166.  In *Walter,* the Court observed that while the complaint contained allegations that the defendants acted in some manner other than in their professional capacity, the

court did not need to accept those allegations as true because they were "conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.* Ultimately, the court held that it was a "critical failing" that the complaint "fail[ed] to properly allege that the [defendants] operated or managed the alleged RICO enterprise." *Id.* For this failure, the *Walter* court held that dismissal was appropriate.

Here, Plaintiff does not allege that Individual Defendants were part of any association in an individual capacity. *See* Dkt. No. 1. Beyond Individual Defendants affiliation as employees and officials of the Care Center, Plaintiff does not allege that Individual Defendants were organized as a group of individuals associated together for a common individual purpose of engaging in a criminal course of conduct as a RICO enterprise. *See* Dkt. No. 1. Rather, the only common denominator alleged by Plaintiff is that the Individual Defendants were all employees and officials of the Care Center.

Plaintiff does not allege that the Individual Defendants acted with a coordinated, common purpose to engage in a course of conduct in an individual capacity. As Plaintiff denies that Individual Defendants were acting in an official capacity, she must allege some other common purpose in an individual capacity in order to effectively state a valid RICO violation claim. She has not. In fact, Plaintiff alleges that Defendant Catolster acted with an individual purpose to

11

protect her aunt.  With regard to the act of termination from employment only, Plaintiff alleges that Individual Defendants conspired to terminate her from employment.   What is lacking from this general conclusory statement are allegations that the Individual Defendants, in an individual capacity, had some other association in fact and were acting with mutual individual purpose to terminate her employment.

Moreover, Plaintiff does not allege that Individual Defendants are part of an ongoing organization, formal or informal, with allegations that they function as a continuing unit.   Further, there are no allegations that Individual Defendants operated with sufficient longevity as to bring her claim within the realm of RICO.

Plaintiff has utterly failed to allege that Individual Defendants were engaged in an interpersonal relationship, with a common interest and longevity as required to state a civil claim under RICO.  As such, Plaintiff's Complaint fails as a matter of law and the Court should dismiss the Complaint for failure to state a claim.

**B. Plaintiff failed to allege that Individual Defendants engaged in a "pattern of racketeering activity" sufficient to state a RICO claim.**

Plaintiff alleges a single, isolated violation of Federal Law by Individual Defendants as the basis for her alleged RICO claim.  Dkt. 1, ¶ 29.  Specifically, Plaintiff alleges that the actions of Individual Defendants violated 18 U.S.C. § 1513(e).  *Id.*  The referenced Code section provides in full:

> Whoever knowingly, with the intent to retaliate, takes any action harmful to any person, including interference with the lawful employment or livelihood of any person, for providing to a law enforcement officer any truthful information relating to the commission or possible commission of any Federal offense, shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 1513(e).  Plaintiff alleges that the alleged sexual contact of a Care Center resident by Defendant Catolster's aunt, who is not a named party to this action, "could be a federal felony offense under 18 U.S.C. § 2242" (i.e., sexual abuse) and that Plaintiff's reporting of the aunt's alleged sexual contact of a Care Center resident to law enforcement officials is what Individual Defendants retaliated against her for.  *See* Dkt. 1, ¶ 11.

Notably, the alleged underlying offense of sexual abuse was not carried out by any of the Individual Defendants, but rather, allegedly by Defendant Catolster's aunt.  *See* Dkt. 1, ¶ 10.  Other than Defendant Catolster, Plaintiff does not allege that the other Individual Defendants acted with intent to benefit Catolster's aunt in any criminal investigation or proceedings or as a result of their efforts to protect her generally.

The only actions allegedly undertaken by Individual Defendants that allegedly fall within the purview of 18 U.S.C. § 1513(e) are (1) Defendant Catolster allegedly locking Plaintiff out of an apartment, and (2) the remaining Individual Defendants terminating Plaintiff's employment.  These two actions are

not sufficient to demonstrate a "pattern of racketeering activity" which is required to allege a valid civil RICO claim.

RICO prohibits certain conduct involving a "pattern of racketeering activity." 18 U.S.C. § 1962.  To prove a RICO violation, the plaintiff must prove that members of an enterprise engaged in activity constituting a pattern of racketeering.  18 U.S.C. § 1962.  "Racketeering activity" includes several state and federal criminal offences.  *See* 18 U.S.C. § 1961(1).  A "pattern of racketeering activity" consists of two RICO crimes committed within a ten-year period that <u>are related to an ongoing illegal scheme</u>. 18 U.S.C. § 1961(5).

"To plead a pattern of racketeering activity, plaintiffs must allege that defendants committed at least two of the statutorily enumerated predicate acts." *Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.*, 235 F. Supp. 3d 1132, 1177 (E.D. Cal. 2017) (citing 18 U.S.C. § 1961(5); *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004) (<u>noting that, while at least two acts of racketeering activity are required under RICO to establish a pattern</u>, <u>the pleading of two such acts is not necessarily sufficient to do so</u>)).  "To plead a pattern of racketeering activity, plaintiffs must allege: (i) that the racketeering predicates are related, and (ii) that they <u>amount to or pose a threat of continued criminal activity</u>." *Id.*

"Two acts are necessary, but not sufficient, for finding a violation." *Howard v. Am. Online Inc.*, 208 F.3d 741, 746 (9th Cir. 2000).  "[T]he term 'pattern' itself

requires the showing of a relationship between the predicates and of the threat of continuing activity." *Id.* (citing *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989).

One of the principal purposes of RICO was to "deal with the infiltration of legitimate businesses by organized crime." *Turkette, supra,* 452 U.S. at 593. "RICO's legislative history tells us, however, that the relatedness of racketeering activities is not alone enough to satisfy § 1962's pattern element." *H.J. Inc.,* 492 U.S. at 240. "To establish a RICO pattern it must also be shown that the predicates themselves amount to, or that they otherwise constitute a threat of, *continuing* racketeering activity." *Id.* (emphasis in original). As to this continuity requirement, "what a plaintiff … must prove is continuity of racketeering activity, or its threat, *simpliciter.*" *H.J. Inc.,* 492 U.S. at 241. "'Continuity'" is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition. *H.J. Inc.,* 492 U.S. at 241 (citing *Barticheck v. Fidelity Union Bank/First National State,* 832 F.2d 36, 39 (CA3 1987)). "It is, in either case, centrally a temporal concept—and particularly so in the RICO context, where *what* must be continuous, RICO's predicate acts or offenses, and the *relationship* these predicates must bear one to another, are distinct requirements." *H.J. Inc.,* 492 U.S. at 242 (emphasis in original). "A party alleging a RICO violation may

demonstrate continuity over a closed period by proving a series of related predicates extending <u>over a substantial period of time</u>." *Id.* (emphasis added). "<u>Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct</u>." *Id.* (emphasis added). "Often a RICO action will be brought before continuity can be established in this way." *Id.* In such cases, a valid RICO claim is not presented unless "the *threat* of continuity is demonstrated." *Id.* (emphasis in original).

Moreover, a plaintiff must establish that the two predicate acts are related to an ongoing criminal scheme. *Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393 at 1402 (9th Cir.1986). Where two predicate acts do not "pose a threat of continuing activity" because they merely further a single event and "appear to have occurred at nearly the same time," and because once those acts are complete and require no further criminal activity, it cannot be said that a RICO claim is sustainable because a defendant has "no further need to commit predicate acts." *Sun Sav. & Loan Ass'n v. Dierdorff,* 825 F.2d 187, 194, 56 USLW 2110, 8 Fed. R. Serv. 3d 808, RICO Bus. Disp. Guide 6710 (9th Cir. 1987) (referencing *Schreiber*) (emphasis added).

To satisfy the continuity requirement, plaintiffs must prove either "a series of related predicates extending over a substantial period of time [, i.e., closed-

ended continuity]," or "past conduct that by its nature projects into the future with a threat of repetition [, i.e., open-ended continuity]." *Howard,* 208 F.3d at 750 (citing *H.J.,* 492 U.S. at 241-42).  "Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy [the closed-ended continuity] requirement."  *Howard,* 208 F.3d at 750 (citing *H.J. Inc.,* 492 U.S. at 240).  "<u>Activity that lasts only a few months is not sufficiently continuous</u>." *Howard,* 208 F.3d at 750 (citing *Allwaste, Inc. v. Hecht,* 65 F.3d 1523, 1528 (9th Cir.1995); *Religious Tech. Ctr. v. Wollersheim,* 971 F.2d 364, 366–67 (9th Cir.1992)) (emphasis added).  "Open-ended continuity is shown by 'past conduct that by its nature projects into the future with a threat of repetition [,' i.e., p]redicate acts that <u>specifically threaten repetition or that become a 'regular way of doing business</u>.'" *Howard,* 208 F.3d at 750 (citing *Allwaste,* 65 F.3d at 1528) (emphasis added).

Additionally, "[c]iting acts as a part of a RICO pattern, without proving that they are indictable, is not sufficient."  *Howard v. Am. Online Inc.*, 208 F.3d at 748 (citing *Sigmond v. Brown,* 828 F.2d 8, 9 (9th Cir.1987) (holding that dismissal of RICO claim was appropriate where plaintiff did not present evidence that defendant committed mail fraud)).  Like the plaintiffs in *Howard,* Plaintiff here has failed to allege a pattern of indictable offenses by Individual Defendants.  Even if

she had, Plaintiff has failed to allege predicate acts sufficient to bring her claim within the purview of RICO.

The two alleged predicate acts that Plaintiff alleges are (1) Individual Defendants wrongfully terminated her employment, and (2) Defendant Catolster wrongfully excluded her from her alleged apartment that was allegedly provided to her by the Care Center.  These acts, which allegedly occurred within a short time period relative to one another, simply do not meet the definition of criminal racketeering activity as contemplated by RICO.  Importantly, the alleged acts do not meet the continuity requirement, whether "closed ended" or "open ended," as there are no allegations that suggest the alleged conduct poses a risk of ongoing criminal activity to bring it within the purview of RICO.  At best, the two alleged acts were part and parcel to the same incident of terminating Plaintiff's employment and there is no threat of repetition.  Again, Plaintiff has failed to sufficiently allege facts to support her civil RICO claim.

While Individual Defendants deny that they committed any predicate criminal activities, even if you take the allegations of Plaintiff's Complaint at face value, she has failed to effectively plead a "pattern of racketeering activity." Plaintiff does not allege that the isolated incident of her termination from employment or being excluded from employee housing because of her termination are related, are part of, or pose a threat of, continued criminal activity.  From the

face of Plaintiff's complaint, these are alleged isolated acts that may or may not have any relation to one another and certainly do not pose a threat of continued criminal activity.

Plaintiff has stretched the boundaries of RICO's intent in pursuing this claim against Individual Defendants.   As maintained all along, and as further demonstrated by Wilhite I and Plaintiff's FTCA complaint against the United States, Plaintiff's Complaint against Individual Defendants is a mere pleading device used to circumvent both FTCA exclusivity and sovereign immunity protections that Individual Defendants would otherwise be afforded.   The Court should not authorize such litigation tactics.   As such, the Court should grant judgment on the pleadings in favor of Individual Defendants and dismiss the Complaint with prejudice.

### C. Plaintiff has not plead that Individual Defendants agreed to conduct or participate in the affairs of an enterprise or to the commission of at least two predicate acts.

To effectively plead a valid RICO claim, the complaint must allege "an agreement to conduct or participate in the affairs of an enterprise and an agreement to the commission of at least two predicate acts." *Baumer v. Pachl*, 8 F.3d 1341, 1346 (9th Cir. 1993).   In the absence of such allegations, a RICO claim may not survive because "<u>a defendant who did not agree to the commission of crimes</u>

constituting a pattern of racketeering activity is not in violation of section 1962(d), even though he is somehow affiliated with a RICO enterprise, and neither is the defendant who agrees to the commission of two criminal acts but does not consent to the involvement of an enterprise." *Baumer*, 8 F.3d at 1346 (emphasis added). "If either aspect of the agreement is lacking then there is insufficient evidence that the defendant embraced the objective of the alleged conspiracy." *Id*. "Thus, mere association with the enterprise would not constitute an actionable [RICO] violation. In a RICO conspiracy, as in all conspiracies, agreement is essential." *Id*. In addition, conspiracy to violate RICO requires a showing that defendant "was aware of the essential nature and scope of the enterprise and intended to participate in it." *Baumer*, 8 F.3d at 1346 (citing *United States v. Muskovsky,* 863 F.2d 1319, 1324 (7th Cir.1988), *cert. denied,* 489 U.S. 1067, 109 S.Ct. 1345, 103 L.Ed.2d 813 (1989).

A plaintiff, such as the Plaintiff here, may not simply lob conclusory statements that a conspiracy or agreement to violate RICO was afoot. There must be specific allegations in the Complaint that establish the alleged conduct. *Baumer*, 8 F.3d at 1346 *See also United States v. Gonzalez,* 921 F.2d 1530, 1539 (11th Cir.) ("[a] RICO conspiracy requires proof of an agreement to violate a substantive RICO provision."), *cert. denied,* 502 U.S. 860, 112 S.Ct. 178, 116 L.Ed.2d 140 (1991); *United States v. Cauble,* 706 F.2d 1322, 1341 n. 64 (5th

Cir.1983), (agreement is "vital" to RICO conspiracy claim), *cert. denied,* 465 U.S. 1005, 104 S.Ct. 996, 79 L.Ed.2d 229 (1984); *United States v. Bright,* 630 F.2d 804, 834 (5th Cir.1980) (there "must be proof that the individual, by his words or actions, objectively manifested an agreement to participate, directly or indirectly, in the affairs of an enterprise, through the commission of two or more predicate crimes.").

"A RICO conspiracy 'requires the assent of each defendant who is charged, although it is not necessary that each conspirator knows all of the details of the plan or conspiracy." *Baumer*, 8 F.3d at 1346-47 (citing *United States v. Brooklier,* 685 F.2d 1208, 1222 (9th Cir.1982), *cert. denied,* 459 U.S. 1206, 103 S.Ct. 1194, 75 L.Ed.2d 439 (1983).  Like the situation in *Baumer*, here, "the bare allegations of the complaint provide no basis to infer assent to contribute to a common enterprise" and the claim should be resolved as a matter of law.  *Baumer*, 8 F.3d at 1347 (citing *United States v. Valera,* 845 F.2d 923, 929 (11th Cir.1988), *cert. denied,* 490 U.S. 1046, 109 S.Ct. 1953, 104 L.Ed.2d 422 (1989) ("[a]ssociation, alone, with the enterprise is, of course, insufficient for violation of RICO: an individual must *agree* to participate in the affairs of the enterprise" (emphasis in original))).

Here, Plaintiff does not allege that Individual Defendants either (1) agreed to the commission of crimes constituting a pattern of racketeering activity, or (2)

consented to the involvement in an enterprise. This is fatal to her claim. Ad nauseum, this is a simple wrongful termination case that Plaintiff has branded as a RICO claim to avoid dismissal on other grounds. There was no agreement between Individual Defendants to engage in a criminal enterprise or to commit criminal acts and the Complaint does not allege otherwise.

Plaintiff's civil RICO Complaint merely alleges a single instance of alleged "racketeering activity." *See* Dkt. No. 1. Plaintiff alleges her termination from Care Center employment was allegedly in retaliation for her reporting alleged abuse of a Care Center resident. *See* Dkt. 1; 18 U.S.C. § 1513(c). While this is not true, this is the only alleged act Plaintiff points to as "racketeering activity" (as defined in 18 U.S.C. § 1961(1)) which allegedly interfered with her employment. *See* Dkt. 1. Importantly, the action of terminating her employment was not for the benefit of an alleged RICO enterprise made up of the Individual Defendants acting in their individual capacity. Terminating Plaintiff's employment was necessarily undertaken in an official capacity, which Plaintiff disclaims.

Other alleged acts in the Complaint simply do not meet the statutory definition of racketeering activity as they were undertaken by unnamed Care Center employees or were not undertaken with the intent to retaliate against Plaintiff. *See* Dkt. 1. While Individual Defendants deny Plaintiff's claims have any legitimacy, even if the Court were to take the allegations of the RICO

Complaint as true, it does not state a valid civil RICO claim.  Plaintiff's failure to state a claim for a civil RICO violation supports judgment on the pleadings in favor of Individual Defendants and dismissal with prejudice of the Complaint against Individual Defendants.

## **CONCLUSION**

For the reasons stated herein, Individual Defendants respectfully request the Court enter judgment on the pleadings in favor of Individual Defendants or dismiss Plaintiff's complaint for failure to state a valid RICO claim.

BROWNING, KALECZYC, BERRY & HOVEN, P.C.


By  /s/ *Evan M.T. Thompson*
     Evan M.T. Thompson
     Michael L. Rausch

*Attorneys for Individual Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(d)(2)(E), I certify that Individual Defendants' Brief In Support Of Motion To Dismiss For Failure To State A Valid Rico Claim, is double spaced, is a proportionately spaced 14 point typeface, and contains 5,406 words.

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of August, 2021, a true copy of the foregoing was served:

Via ECF to the following parties:

D. Michael Eakin
Eakin, Berry & Grygiel, PLLC
P.O. Box 2218
Billings, MT 59103

John Heenan
Heenan & Cook, PLLC
1631 Zimmerman Trail, Suite 1
Billings, MT 59102

Victoria Francis, Tyson M. Lies and John M. Newman
United States Attorney's Office, United States Attorney's Office and U.S.
Attorney's Office
U.S. Atorney's Office
P.O. Box 8329
Missoula, MT  59807, 2929 3rd Avenue N.
Suite 400
P.O. Box 1478
Billings, MT 59101 and PO Box 8329
Missoula, MT  59807

_/s/ Evan M.T. Thompson_____
BROWNING, KALECZYC, BERRY & HOVEN, P.C.