**FILED**

AUG 11 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAMMY WILHITE,<br><br>        Plaintiff-Appellee,<br>v.<br><br>PAUL LITTLELIGHT; et al.,<br><br>        Defendants-Appellants,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant-Appellee. | No. 21-35693<br><br>D.C. Nos.<br>1:19-cv-00020-SPW-TJC<br>1:19-cv-00102-SPW-TJC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted August 9, 2022**
Anchorage, Alaska

Before: S.R. THOMAS, McKEOWN, and CLIFTON, Circuit Judges.

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Defendants appeal the district court's order denying their petition for Federal Tort Claims Act ("FTCA") certification pursuant to the Westfall Act, 28 U.S.C. § 2679(b)(1). We have jurisdiction under 28 U.S.C. § 1291. *See Osborn v. Haley*, 549 U.S. 225, 238 (2007) (stating that certification denials are reviewable). We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.[1]

I

The district court properly denied Defendants' petition for FTCA course and scope-of-employment certification and substitution of the United States as a party because the FTCA precludes such certification for federal statutory claims. The FTCA preserved suits against individual federal employees for violations of federal statutes that authorize recovery against a government employee. *See* 28 U.S.C. § 2679(b)(2)(B); *United States v. Smith*, 499 U.S. 160, 166–67 (1991) (discussing Section 2679(b)(2)'s "express preservation[]" of liability). In this suit, Wilhite alleged a civil claim against the Defendants for alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964. The district court correctly concluded that RICO claims against individuals

---

[1] We grant Defendants' motion for judicial notice. Dkt. 12.

constitute claims that are "otherwise authorized" by federal statutes, and thus are excluded from the FTCA certification and substitution procedure. *See* 28 U.S.C. § 2679(b)(2)(B). The district court had jurisdiction over Wilhite's RICO claims under 28 U.S.C. § 1331.

II

The district court did not err in declining to construe Wilhite's RICO claim as a common-law wrongful-discharge claim. As the magistrate judge correctly observed, there is no "authority for the proposition that the Court may recast a federal statutory cause of action as one sounding in tort in order to extend Westfall Act immunity for the claim." There is nothing in the FTCA to support the proposition, and we have held that we must "strictly constru[e]" the FTCA so as not to "enlarge [it] beyond what the statute requires." *F.D.I.C. v. Craft*, 157 F.3d 697, 707 (9th Cir. 1998).

The district court did not err in treating Wilhite's factual allegations as true when determining its subject-matter jurisdiction. *Bibeau v. Pac. Nw. Rsch. Found., Inc.*, 339 F.3d 942, 944 (9th Cir. 2003) (accepting the complaint's factual allegations). While a district court "need not presume the truthfulness of the plaintiff's allegations" when a defendant challenges the factual grounds for subject-matter jurisdiction, *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039

3

(9th Cir. 2004), Defendants' challenges to the truth and adequacy of Wilhite's allegations attacked their merits—not the court's subject-matter jurisdiction.

### III

The district court correctly declined to dismiss Wilhite's RICO claim *sua sponte*. A court must provide the plaintiff with the opportunity to submit written argument opposing dismissal before dismissing an action *sua sponte* for failure to state a claim. *See Franklin v. Oregon*, 662 F.2d 1337, 1340–41 (9th Cir. 1981). Here, Defendants had not filed a motion to dismiss for failure to state a claim at the time of the appealed judgment, and Wilhite had no opportunity to submit written opposition to dismissal.

### IV

The district court did not abuse its discretion in declining to hold evidentiary hearings on scope of employment or the application of Section 2679(b)(2)(B). *See Saleh v. Bush*, 848 F.3d 880, 886 (9th Cir. 2017) (stating standard). There were no relevant factual disputes. The parties agree that the Defendants were acting within their employment, and the magistrate judge assumed as much in reaching his conclusions.

V

In sum, we affirm the district court's denial of the petition for certification pursuant to the Westfall Act. The district court did not err, in considering the petition at this stage of the proceedings, in declining to construe the RICO allegations as common-law claims, declining to hold an evidentiary hearing, or declining to *sua sponte* dismiss the complaint on the merits. On issuance of the mandate, the case should proceed in the normal course to conclusion in the district court.

**AFFIRMED.**