IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TAMMY WILHITE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PAUL LITTLELIGHT, LANA THREE IRONS, HENRY PRETTY ON TOP, SHANNON BRADLEY, and CARLA CATOLSTER,<br><br>　　　　Defendants. | CV 19-20-BLG-TJC<br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

　　　　Plaintiff Tammy Wilhite ("Wilhite") brings this action against Defendants Paul Littlelight, Lana Three Irons, Henry Pretty on Top, Shannon Bradley and Carla Catolster ("Defendants"), alleging a civil RICO claim following her termination from the Awe Kualawaache Care Center ("Care Center") where she worked as a registered nurse. (Doc. 1.)

　　　　Presently before the Court is Defendants' Motion for Judgment on the Pleadings and to Dismiss for Failure to State a Valid RICO Claim.[1] (Doc. 58.) The motion is fully briefed and ripe for the Court's review. (Docs. 73, 76.)

---

[1] Wilhite argues Defendants' motion should be denied because it is an improper successive motion under Rule12(g). Rule 12(g)(2) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion" unless an exception under Rule 12(h)(2) or (3) applies. Fed.R.Civ.P. 12(h)(2). Rule 12(h)(2) provides that a failure-to-state-a-claim

1

Having considered the parties' submissions, the Court finds Defendants' motion should be **GRANTED**.

I.      BACKGROUND[2]

Wilhite was employed as a registered nurse at the Care Center in Crow Agency, Montana. Her benefits included health insurance, student loan repayment and an apartment.

The Care Center is an entity owned by the Crow Tribe of Indians. It is a long-term nursing facility that provides 24-hour medical services exclusively to members of the Crow and Northern Cheyenne Tribes. The Care Center operates under what is known as a 638 contract, which is a contract between the Tribe and

---

defense may be raised by a motion under Rule 12(c). Fed. R. Civ. P. 12(h)(2). Here, Defendants filed the instant motion after filing their answer, pursuant to Rule 12(c). (*See* Doc. 58 at 2 ("Defendants . . . pursuant to Federal Rules of Civil Procedure 12(c) and 12(b)(6) respectfully move this Court for judgment on the pleading . . .") (emphasis in original)). As such, the motion does not violate Rule 12(g)'s prohibition on successive motions.

[2] For the purposes of this motion, the Court accepts as true the allegations contained in Wilhite's Complaint. *Wyler Summit P'ship v. Turner Broadcasting Sys, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). The Court also takes judicial notice of court documents from this Court in *Wilhite v. Awe Kualawaache Care Ctr, et al.*, Case No. 18-cv-80-SPW (D. Mont. May 9, 2018). The Court's review of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is generally confined to the pleadings. *U.S. v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011). But the court may take judicial notice of matters of public record, including documents on file in state and federal courts without converting a motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir.2012).

the federal government that provides for tribal administration of federal programs.

While working at the Care Center, a patient told Wilhite that he had been molested while being transported.  Wilhite asserts the alleged molestation could be a federal felony offense under 18 U.S.C. § 2242.  The person who allegedly molested the patient was Defendant Catolster's aunt.

Wilhite reported the incident to Catolster, who was her immediate supervisor.  When it appeared that no action was being taken, Wilhite reported the incident to law enforcement.  The Montana Department of Public Health and Human Services conducted an investigation in March 2018, and the Centers for Medicare and Medicaid Services made a report substantiating the allegations of patient abuse.  The report was made available to Catolster on March 21, 2018.  The Care Center patient involved in the report also died on March 21, 2018.

Subsequently, Catolster informed Wilhite's landlord that she was no longer employed by the Care Center, and directed the landlord to lock Wilhite out of her apartment.  The landlord did as directed, but allowed Wilhite to retrieve her personal belongings and her car.  Wilhite was not informed that her employment had been terminated at that time.

Wilhite continued to work at the Care Center until she was summoned to a board meeting on March 29, 2018.  She was told the reason for the meeting was to hear her grievance about being locked out of her apartment.  The board members

present at the meeting were Defendants Littlelight, Pretty on Top, Three Irons, and Bradley.  Wilhite alleges the Defendants conspired to terminate her employment when she appeared for the meeting.

Wilhite was terminated at the meeting.  The stated reason was that she had a gun in her car.  Wilhite alleges Defendants did not find a gun in her car, but even if she had a gun in her car, there was no policy forbidding employees from having weapons in their vehicles.  Wilhite asserts the real reason she was terminated was because she reported patient abuse to law enforcement.

On May 9, 2018, Wilhite brought suit in this district, alleging she was entitled to damages under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. ("RICO").  *Wilhite v. Awe Kualawaache Care Ctr, et al.*, Case No. 18-cv-80-SPW (D. Mont. May 9, 2018) ("*Wilhite I*").  Wilhite named the Care Center and its board members, Littlelight, Three Irons, Pretty On Top, Bradley, and administrator, Catolster as defendants.  (*Id.*)  Judge Watters dismissed the case, finding Wilhite's claim was barred by tribal sovereign immunity.  *Wilhite I*, Docket No. 39 (D. Mont. Oct. 22, 2018); Docket No. 45 (D. Mont. Dec. 20, 2018).  Judge Watters found Wilhite could not recover from the Care Center for the official acts of its board of directors.  (*Wilhite I*, Docket No. 45 at 3.)  She indicated, however, that "Wilhite is free to properly file a new claim against the

board of directors personally and/or potential claims against the United States under the Federal Tort Claims Act." (*Id.* at 5.)

Thereafter, on February 22, 2019, Wilhite filed this lawsuit, re-alleging her civil RICO claim against Defendants in their individual capacities.[3] (Doc. 1). The parties litigated whether Defendants were entitled to immunity under the Westfall Act, and after appeal, it was ultimately determined that they were not. (Doc. 66.)

Defendants now move for judgment on the pleadings, arguing Wilhite's complaint fails to state a valid RICO claim. (Doc. 58.)

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Thus, the same legal standard "applies to motions brought under either rule." *Id*.

---

[3] On October 7, 2019, Wilhite filed a separate action against the United States, alleging a claim under the FTCA for wrongful discharge and intentional infliction of emotional distress. *Wilhite v. United States*, Case No. 19-cv-102-SPW-TJC (D. Mont. Oct. 7, 2019). On November 9, 2020, the Court consolidated the two cases. (Doc. 28.)

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). The Court's standard of review under Rule 12(b)(6) is informed by Rule 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–678 (2009) (quoting Fed. R. Civ. P 8(a)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A plausibility determination is context specific, and courts must draw on judicial experience and common sense in evaluating a complaint. *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014). A court considering a Rule 12(b)(6) motion must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *Wyler Summit P'ship*, 135 F.3d at 661.

/ / /

## III.  ANALYSIS

Wilhite brings a single civil RICO claim against Defendants based on her allegations that that she was locked out of her apartment and terminated in retaliation for reporting patient abuse.  Defendants argue the claim should be dismissed because Wilhite has not alleged sufficient facts to establish (1) that Defendants were engaged in an enterprise, (2) there was a pattern of racketeering activity as contemplated by RICO, and/or (3) that Defendants agreed to engage in any RICO violations or to be engaged in an enterprise.  Wilhite counters that her allegations are sufficient to state a RICO claim and survive dismissal.

RICO makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."  18 U.S.C.§ 1962(c).  RICO provides a civil cause of action for persons injured in their business or property by persons who violate the criminal provision.  18 U.S.C. § 1964(c).  To state a civil RICO claim, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'"  *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005).  After reviewing Wilhite's complaint, the Court finds the

7

allegations are not sufficient to state a RICO claim. Specifically, Wilhite fails to allege facts sufficient to plausibly show the existence of an enterprise or a pattern of racketeering activity.

### A. Enterprise

Under RICO, an enterprise is defined to include "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). The existence of an enterprise is a separate element which must be established by Wilhite. *U.S. v. Turkette*, 452 U.S. 576, 583 (1981). An enterprise "is not the 'pattern of racketeering activity'; it is an entity separate and apart from the pattern of activity in which it engages. *Id.* It "is proved by evidence of an ongoing organization, formal or informal, and by evidence that various associations function as a continuing unit." *Id*.

Section 1961(4) includes two categories of associations that can constitute an enterprise. *Id*. at 581. The first includes various "legal entities." *Id*. The second includes "any union or group of individuals associated in fact." *Id*. at 581-82. In this case, Wilhite argues that Defendants are an association-in-fact. (Doc. 73 at 40.)

"[A]n association-in-fact enterprise is 'a group of persons associated together for a common purpose of engaging in a course of conduct.'" *Boyle v.*

8

*United States*, 556 U.S. 938, 946 (2009) (quoting *Turkette*, 452 U.S. at 583). Three structural features are required for an association-in-fact enterprise: "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Id.*

In her Complaint, Wilhite has not alleged any facts to plausibly show the existence of an enterprise under RICO. Aside from the conclusory allegation that Defendants "conspired" to terminate her, she has not alleged any facts to show that Defendants acted with a common purpose of engaging in a course of conduct. Nor has she alleged facts to show that they operated with sufficient longevity to pursue the enterprise's common purpose. "[A]n 'enterprise' must have some longevity, since the offense proscribed by that provision demands proof that the enterprise had 'affairs' of sufficient duration to permit an associate to 'participate' in those affairs through 'a pattern of racketeering activity.'" *Id*.

The Court, therefore, finds Wilhite has not adequately alleged that Defendants were engaged in an enterprise under RICO.

### B. Pattern of Racketeering Activity

"Racketeering activity is defined in RICO to mean any act or threat involving specified state-law crimes, any act indictable under various specified federal statutes, and certain federal offenses." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 232 (1989) (internal quotation marks omitted). A pattern of racketeering

9

"requires at least two acts of racketeering activity" that occur within ten years of each other. 18 U.S.C. § 1961(5). Two acts are necessary, but may not be sufficient to establish a pattern. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 497 n.14 (1985) (noting that "two isolated acts of racketeering activity do not constitute a pattern"). "Instead, the term 'pattern' itself requires the showing of a relationship between the predicates and of the threat of continuing activity. It is this factor of *continuity plus relationship* which combines to produce a pattern." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989) (emphasis in original) (internal citations and quotation marks omitted). Thus, "to prove a pattern of racketeering activity a plaintiff . . . must show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." *Id.* (emphasis in original).

Continuity can either be "closed-ended" continuity or "open-ended" continuity. *Id.* at 241. Closed-ended continuity can be established by showing "a series of related predicates extending over a substantial period of time. Predicate acts extending over a few weeks of months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct." *Id.* at 242.

Open-ended continuity, on the other hand, requires "past conduct that by its nature projects into the future with a threat of repetition." *Id.* at 241. "Predicate

10

acts that specifically threaten repetition or that become a 'regular way of doing business' satisfy the open-ended continuity requirement." *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1528 (9th Cir. 1995).

Here, Wilhite alleges that Defendants violated 18 U.S.C § 1513(e) as the basis for her RICO claim. (Doc. 1 at ¶1.) A person violates § 1513(e) if they "knowingly, with the intent to retaliate, take any action harmful to any person, including interference with the lawful employment or livelihood of any person, for providing to a law enforcement officer any truthful information relating to the commission or possible commission of any Federal offense." 18 U.S.C § 1513(e).

Wilhite points to two predicate acts that allegedly fall within the purview of § 1513(e): (1) Defendant Catolster wrongfully excluded Wilhite from her apartment; and (2) a few days later, Defendants Littlelight, Pretty on Top, Three Irons, and Bradley terminated her employment at a meeting of the Board of Directors.

Even assuming these acts occurred as Wilhite alleges, the allegations are insufficient to plausibly satisfy the continuity requirement. The two alleged predicate acts occurred within a short time period relative to one another. Thus, they do not satisfy the requirement for closed-ended continuity that the related predicates extend over a substantial period of time.

Further, there are simply no factual allegations that suggest the alleged conduct poses any risk of ongoing criminal activity to establish open-ended continuity. The predicate acts relate to retaliation for reporting an act of alleged misconduct. The alleged misconduct is complete; Wilhite is no longer employed at the Care Center; and the victim of the alleged abuse is deceased. Wilhite has alleged no facts to show that this occurrence was anything but a single plan with a single purpose, without risk of repetition or future criminal conduct.

Accordingly, the Court finds Wilhite has not adequately alleged a pattern of racketeering under RICO.

### C. Agreement

Wilhite alleges Defendants "conspired to retaliate against [her] by terminating her employment because of her reports to law enforcement." (Doc. 1 at ¶ 25.) To the extent Wilhite is alleging Defendants engaged in a conspiracy to violate RICO, the Court finds the allegations insufficient.

18 U.S.C. § 1962(d) provides that it is "unlawful for any person to conspire to violate any of the provisions of subsection (a), (b) or (c) of this section." 18 U.S.C. § 1962(d). To plead a valid RICO conspiracy claim, the plaintiff must allege "either an agreement that is a substantive violation of RICO or that the defendants agreed to commit, or participated in, a violation of two predicate

12

offenses." *Howard v. Am. Online Inc.*, 208 F.3d 741, 751(9th Cir. 2000); *Baumer v. Pachl*, 8 F.3d 1341, 1346 (9th Cir. 1993).

Here, as discussed above, Wilhite has failed to allege the requisite substantive elements of RICO. The failure to adequately plead a substantive violation of RICO precludes a claim for conspiracy. *Howard*, 208 F.3d at 751. Further, Wilhite has not alleged any facts showing Defendants' "participation or agreement to participate in two predicate offenses." *Baumer*, 8 F.3d at 1346. Wilhite's conspiracy claim is not supported by any facts. Rather, she only makes the bare assertion that the Defendants conspired to terminate her employment. This is insufficient to state a claim for RICO conspiracy. *Id.* (finding RICO claim legally deficient where "the bare allegations of the complaint provide no basis to infer assent to contribute to a common enterprise").

### D. Leave to Amend

A court may grant a Rule 12(c) motion with or without leave to amend. *In re Dynamic Random Access Memory Antitrust Litig.*, 516 F. Supp. 2d 1072, 1084 (N.D. Cal. 2007). It appears unlikely that Wilhite can amend her Complaint to state a RICO claim. Nevertheless, the Ninth Circuit has made clear "[i]t is black-letter law that a district court must give plaintiffs at least one chance to amend a deficient complaint, absent a clear showing that amendment would be futile." *Nat'l*

*Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015). Therefore, it is recommended that Defendants' motion be granted with leave to amend.

## IV. CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that Defendants' Motion for Judgment on the Pleadings and to Dismiss for Failure to State a Valid RICO Claim (Doc. 58) be **GRANTED**, and that Wilhite's Complaint be dismissed with leave to amend.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

**IT IS ORDERED**.

DATED this 3rd day of February, 2023.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge